UNITED STATES DISCTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
                                    )
59 MIDDLESEX AVE, LLC               )
    Plaintiff,                      )
                                    )
    v.                              )   Civil Action No. 20-11101
                                    )
TOWN OF READING,                    )
    Defendant.                      )
_____)

## COMPLAINT AND JURY DEMAND

    This Complaint is an action for a violation of the federal Fair Housing Act as Amended, M.G.L. c. 151B and 804 CMR Section 2.00 et seq., and M.G.L. c 40A, Section 3.

## PARTIES

    1.  The Plaintiff, 59 Middlesex Ave, LLC, is a domestic corporation with an address of 232 West Canton Street, Unit 4, Boston, MA 02116.

    2.  The Defendant, Town of Reading, is a municipality with the town manager's office located at 16 Lowell Street, Reading, MA 01867 (the "Town of Reading").

## JURISDICTION

    3.  This Court has personal and subject matter jurisdiction as both the Plaintiff and Defendant are residents and/or located in Massachusetts and this matter concerns claims under the federal Fair Housing Act as Amended.

## FACTS

    4. 59 Middlesex Ave, LLC is in the business of owning, renting and selling property.  59 Middlesex Ave, LLC owns 59 Middlesex Avenue, Reading, MA (the "Property").

    5.  During the purchase of the Property by 59 Middlesex Ave, LLC, neighbors learned of the potential occupancy by those in recovery from substance use.  The prior use was that of a nursing home.  Neighbors immediately reached out to Town of Reading officials to voice their opposition to housing at the Property for those in recovery from substance use.

1

6. On November 25, 2019, Dan Botwinik of 59 Middlesex Ave, LLC responded to an inquiry from Assistant Town Manager Jean Delios about the potential use of the Property for individuals in recovery from substance use and the concerns of the neighbors.

7. On or about December 4, 2019, The Process Recovery Center, LLC ("PRC") sent a letter of intent to 59 Middlesex Ave, LLC with the intention of leasing the Property for 5 years at the rate of $12,500 per month in the first year, subject to certain approvals being obtained to operate a substance use disorder residential treatment center ("SUD facility").

8. PRC is in the business of provided treatment and/or housing directly to and/or through related entities to individuals that would qualify as disabled or handicapped under State and Federal law, particularly M.G.L. c. 40A, Section 3 and the Fair Housing Act.

9. The individuals that PRC intended to provide housing and treatment to by operating a SUD facility at the Property would qualify as disabled or handicapped, as that term is used interchangeably.

10. On December 16, 2019, PRC sent a letter to the Town of Reading, c/o Assistant Town Manager Jean Delios, seeking relief under M.G.L. c. 40A, Section 3 and a reasonable accommodation under the Fair Housing Act.  *See* Exhibit A hereto.

11. On January 6, 2020, counsel to the Town of Reading sent a response to the December 16, 2019 letter seeking additional information.  *See* Exhibit B hereto.  In response, on January 7, 2020, the requested information was provided to counsel to the Town of Reading.  *See* Exhibit C hereto.

12. The Town of Reading organized a public meeting at the Town of Reading library on Thursday, January 30, 2020, to allow residents to directly engage representatives of PRC and 59 Middlesex Ave, LLC (the "Public Meeting").

13. Prior to the Public Meeting numerous communications were made by residents to Town of Reading officials expressing concern and opposition to the use of the Property by PRC and/or 59 Middlesex Ave, LLC as a SUD facility or sober recovery home.

14. Prior to the Public Meeting, the Town of Reading, through its Community Development Director, developed a letter to be sent to neighbors of the Property (the "Notice Letter").  The Notice Letter is attached hereto as Exhibit D, and states, inter alia: "It's important to consider that, once one sober home makes its way into a town they can pave the way for others. . . Some towns have successfully fought the opening of these sober facilities based on things like requiring sprinkler systems,

2

our mission now is to **find what leverage we have to protect our town and residents**..."

15.  The Notice Letter was sent to the Town Manager on January 16, 2020 for review prior to being sent to neighbors of the Property.  The Town Manager responded on January 16, 2020, "Looks good!".

16.  The Town of Reading sent the Notice Letter to residents within double the radius required for legal notice if a use comes through a public hearing process for zoning.

17.  The Town of Reading sent the Notice Letter to residents although not legally required to do so, to a larger than "typical" radius to cause more public concern and opposition to the proposed use, and to capture Vanessa Alvarado's house in the radius, a Town of Reading Select Board member.

18.  On January 30, 2020, the public meeting at the library was held were residents expressed discriminatory views, opposition and animus towards the proposed use of the Property as a sober recovery home or SUD facility because of the proposed disabled occupants.

19.  The Town of Reading failed to approve or substantively respond to PRC's relief under M.G.L. c. 40A, Section 3 and the reasonable accommodation sought pursuant to the Fair Housing Act.

20.  After months of attempting to obtain permission, direction and having no substantive response or approval from the Town of Reading for 59 Middlesex Ave, LLC to lease the property to PRC through a reasonable accommodation or otherwise, PRC backed away from its intention to lease the Property.

21.  On March 5, 2020, 59 Middlesex Ave, LLC, through counsel, sent a letter to the Town of Reading seeking relief under M.G.L. c. 40A, Section 3 and a request for reasonable accommodation under the Fair Housing Act, to obtain consent and/or approval from the Town of Reading to use the Property as a sober recovery home or licensed treatment facility for individuals in recovery from substance use. *See* Exhibit E hereto.

22.  The Town of Reading handled the March 5, 2020 letter seeking relief in the same manner it handled the December 16, 2019 letter, by simply delaying response, pretending to be confused, asking for duplicative or *apparently* relevant information for purposes of delay, and ignoring timeframes typically adhered to by the Town of Reading in responding to Requests for Occupancy.

23.  On June 3, 2020, Dan Botwinik of 59 Middlesex Avenue, LLC followed up with the Town of Reading on its Request for Occupancy submitted March 5, 2020, and to date, has received no response.

24. To date, the Town of Reading has failed to approve or offer a reasonable accommodation.

25. The Town of Reading has handled 59 Middlesex Ave, LLC's attempts to obtain occupancy of the Property for the disabled in an atypical manner because of the intended occupants and with the intent to prevent said occupancy.

26. The Town of Reading has used its administrative function and process as "leverage" to prevent the legal occupancy of the Property by disabled individuals.

27. The Town of Reading is acting in a discriminatory manner towards 59 Middlesex Ave, LLC because of its association with disabled individuals.

## COUNT I
### (Discrimination – Fair Housing Act)

28. Plaintiffs incorporate and restates herein paragraphs 1-27 supra.

29. The federal Fair Housing Act and the Fair Housing Amendments Act forbid discrimination towards individuals because of their disability or because of an association with a disabled person.

30. Federal law declares that discrimination is prohibited in failing to provide a reasonable accommodation or in effectuating discriminatory goals of others, or those of a municipality, through the use of or imposition of rules, laws or zoning, whether legal or otherwise, if done with discriminatory animus or without animus if done in a way that effectuates the discriminatory goals of others.

31. 59 Middlesex Ave, LLC is associated with and/or intended to provide housing to disabled/handicapped individuals, to reside at the Property.

32. The prospective tenants of 59 Middlesex Ave, LLC at the Property are a protected class or associated with providing housing to a protected class.

33. The Town of Reading, through its actions and inaction, *supra*, and intentional conduct and/or willful ignorance of applicable laws that require that disabled/handicapped individuals be treated fairly and provided equal access to housing have violated Federal law by refusing to provide a reasonable accommodation and/or in intentionally discriminating against the Plaintiffs.

34. The Town of Reading violated 59 Middlesex Ave, LLC's rights under the Fair Housing Act by:

    a. denying and otherwise making housing unavailable to the Plaintiff's because of their association with and provision of housing to the disabled;

    b.  enforcing discriminatory rules and internal policies on the Plaintiff because of its association with the disabled;

    c.  reviewing and handling Plaintiff's request for occupancy in an atypical manner;

    d.  failing to make reasonable accommodations in its enforcement of its rules, regulations and laws so as to allow Plaintiff to provide housing for the disabled and to afford an equal opportunity to the disabled to use and enjoy the aforementioned Property; and

    e.  targeting the Plaintiffs because of their association with the disabled and the exercise of their fair housing rights.

  35.  The Town of Reading's conduct in trying to exclude disabled individuals from residential neighborhoods is discriminatory towards and has damaged 59 Middlesex Ave, LLC by causing them to: incur legal fees; lose PRC as a tenant, preventing use and occupancy as a sober recovery home or SUD facility; and causing business losses and damages.

  WHEREFORE, Plaintiff prays for a temporary and/or preliminary injunction against the Town of Reading, and its agents and employees from imposing requirements and/or refusing to allow housing for the disabled and by those providing housing to the disabled, including the Plaintiff, because of its association with the disabled and the Plaintiff seeks damages to be proven at trial against the Town of Reading for discrimination, for direct and indirect damages, consequential damages, punitive damages, attorney fees, costs and losses.

## COUNT II
## (M.G.L. c. 151B, and 804 CMR Section 2.00 et seq.)

  36.  Plaintiff incorporates and restates herein paragraphs 1-35 supra.

  37.  The Town of Reading violated 59 Middlesex Ave, LLC's rights under State law, including M.G.L. 151B and 804 CMR Section 2.00 et seq. by:

    a.  denying and otherwise making housing unavailable to the Plaintiff's because of their association with and provision of housing to the disabled;

    b.  enforcing discriminatory rules and internal policies on the Plaintiffs because of their association with the disabled;

    c.  reviewing and handling Plaintiff's request for occupancy in an atypical manner;

    d.  failing to make reasonable accommodations in its enforcement of its rules, regulations and laws so as to afford an equal opportunity to the disabled to use and enjoy the aforementioned dwelling; and

    e.  targeting the Plaintiffs because of their association with the disabled and the exercise of their fair housing rights.

38. The Town of Reading's conduct in trying to exclude disabled individuals from residential neighborhoods is discriminatory towards and has damaged 59 Middlesex Ave, LLC by causing them to: incur legal fees; lose PRC as a tenant, preventing use and occupancy as a sober recovery home or SUD facility; and causing business losses and damages.

WHEREFORE, Plaintiff prays for a temporary and/or preliminary injunction against the Defendant, and its agents and employees from imposing requirements and/or refusing to allow housing for the disabled and by those providing housing to the disabled, including the Plaintiff, because of its association with the disabled and the Plaintiffs seeks damages to be proven at trial against the Defendant for discrimination, for direct and indirect damages, consequential damages, punitive damages, attorney fees, costs and losses.

## COUNT III
### (Injunctive Relief – M.G.L. c. 40A, Section 3)

39. Plaintiff incorporates and restate herein paragraphs 1-38 supra.

40. Plaintiff sought relief from the Town of Reading and occupancy of the Property in accordance with M.G.L. c. 40A, Section 3, which the Town of Reading refused by its actions and inaction.

41. The Town of Reading has failed to explain why they must not follow applicable law and are in continuing violation of said law that is *per se* discrimination.

42. The Town of Reading's conduct in trying to exclude disabled individuals from residential neighborhoods is discriminatory towards and has damaged 59 Middlesex Ave, LLC by causing them to: incur legal fees; lose PRC as a tenant; preventing use and occupancy as a sober recovery home or SUD facility; and causing business losses and damages.

WHEREFORE, Plaintiff prays for an injunction in accordance with M.G.L. c 40A, Section 3 to require the Town of Reading to comply with said law and an award of attorney fees, costs and losses incurred as a result of said non-compliance.

**Plaintiff request a trial by jury.**

Dated this 9th day of June 2020.

For the Plaintiff,
By their Attorney,

*/s/Andrew J. Tine*
Andrew J. Tine (BBO633639)
Law Offices of Andrew J. Tine
18 Maple Avenue, #267
Barrington, RI 02806
atine@tinelaw.com
401-396-9002 – Tel.